# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>Defendants. | **CASE NO. 1:16-cv-1525-LJO-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT L. WILLIAMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 16.) The Court has found that Plaintiff's First Amended Complaint states a cognizable claim against Defendants D. Babineaux-Prince, R. Briggs, D. Case, R. Chavez, L. Clausell, T. Galaviz, Connie Gipson, C. Henderson, K. Matta, A. Mayo, J. C. Smith, C.R. Villarrial, D. Weaver, and L. Williams and ordered its service.. (ECF No. 18.)

Service on Defendant Williams was returned unexecuted. (ECF No. 21.) The U.S. Marshal noted that he had been "unable to locate subject L. Williams." (Id.)

The Court and the United States Marshal ("USM") have a statutory duty to serve process on Plaintiff's behalf. The response given by the Marshals Service was insufficient to allow the Court to discharge this duty on the ground that the defendant

cannot be located. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(3). Accordingly, the Court ordered USM to re-attempt service on Defendant Williams. (ECF No. 22.)

On October 4, 2017, service on Defendant Williams was, again, returned unexecuted. (ECF No. 23.) The Marshal wrote: "The office of [California Department of Corrections and Rehabilitation (CDCR)] was contacted on 8-28-17. They made multiple attempts to locate this employee but have no record of any employee by that name. They will not accept service and are unable to provide any additional information. 10-4-2017 -- Additional attempts were made by all departments at '1515' address - unable to locate." (Id.)

The Marshals Service has exhausted the avenues available to it to locate and serve Defendant Williams. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994).

Accordingly, the Court ordered Plaintiff to show cause why Defendant Williams should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 24.) Plaintiff has responded to the Order to show cause (ECF No. 28), but he does not provide good cause to avoid dismissal.

Plaintiff provides no further information to assist in the identification or location of Defendant Williams. (Id.) He does suggest that **if** Williams is deceased, the Court should substitute a representative of his estate. (Id.) There is no evidence Williams is deceased.

Plaintiff would like the Court to allow additional time to allow continued efforts at service. However, absent some reason to think delay could be productive (and there is no such reason here), this case must move forward.

Accordingly, the Marshals Service having exhausted avenues available to it to locate and serve Defendant Williams and given the absence of any suggested alternatives for finding and serving Williams, he should be dismissed from this action pursuant to Federal Rule 4(m).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendant L. Williams be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 1, 2018      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE