UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>            Plaintiff,<br><br>   v.<br><br>CONNIE GIPSON, et al.,<br><br>            Defendants. | CASE NO. 1:16-cv-01525-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>(Doc. 46) |

Plaintiff moves to strike the defendants' "counterclaim" for costs of suit and attorneys' fees as frivolous and in bad faith. (Doc. 56.) This motion addresses the defendants' inclusion of a request in their answer for costs of suit and attorneys' fees. See Ans. at 9 (Doc. 51). Defendants have not responded to plaintiff's motion.

Turning first to defendants' request for costs, Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is a presumption in favor of awarding costs to the prevailing party, and a district court following the presumption need not specify its reasons for doing so. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). However, the court may elect not to award costs where the party is indigent or where other compelling circumstances exist. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014). The losing party must demonstrate why costs should not be awarded. Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471-72 (9th Cir. 1995), overruled on other grounds, Ass'n

of Mexican-Am. Educators v. State of California, 231 F.3d 572, 592-3 (9th Cir. 2000). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Id. This list is not exhaustive, but rather a starting point for analysis. Escriba, 743 F.3d at 1248.

There is no basis shown to strike the defendants' request for costs on grounds of frivolity or bad faith. Indeed, it is premature to analyze whether defendants would be entitled to attorney's fees should they prevail since any such analysis would be speculative. Accordingly, plaintiff's motion to strike defendants' request for costs is DENIED without prejudice.

Concerning defendants' request for attorneys' fees, an award of fees to defendants is only appropriate when "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14 (1980). This is a stringent standard: "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." Id. The Supreme Court has made clear that, in the case of uncounseled prisoners, "attorney's fees should rarely be awarded." Id. at 15. "The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Id.

Again, the court finds no basis in the record to strike this request on grounds of frivolity or bad faith. Moreover, any analysis of the propriety of such a request is premature at this stage considering the defendants have not submitted a motion for attorneys' fees. Accordingly, plaintiff's motion to strike (Doc. 56) is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: **October 18, 2018**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE