1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN MATIAS TORRES,                        CASE NO. 1:16-cv-01525-LJO-JLT (PC)

12                   Plaintiff,                 **ORDER GRANTING IN PART PLAINTIFF'S**
                                                **MOTION FOR EXTENSION OF TIME AND**
13          v.                                  **GRANTING DEFENDANTS' MOTION TO**
                                                **MODIFY THE SCHEDULING ORDER AND**
14   CONNIE GIPSON, et al.,                     **STAY DISCOVERY**

15                   Defendants.                (Docs. 74, 76)

16

17          This action proceeds on plaintiff's First Amendment retaliation claim against defendants

18   Smith, Prince, Henderson, Mayo, Galaviz, and Weaver, premised on their recommendation to

19   transfer plaintiff to Pelican Bay State Prison in retaliation for filing inmate grievances. On

20   November 27, 2018, defendants filed a motion for summary judgment for plaintiff's failure to

21   exhaust his administrative remedies prior to filing suit. (Doc. 64.) Plaintiff filed his opposition

22   (Doc. 69), and defendants have filed a reply (Doc. 72). Plaintiff also filed a motion to deny or stay

23   resolution of the defendants' motion for summary judgment pending receipt of discovery materials.

24   (Doc. 66.) Defendants oppose this motion. (Doc. 71.)

25          Pending now is plaintiff's request for extension of time to file a reply to his motion to deny

26   or stay the summary judgment motion. Good cause appearing, this motion will be granted.

27          Plaintiff also seeks an extension of time to file a sur-reply to the summary judgment motion.

28

Parties do not have the right to file surreplies, and motions are deemed submitted when the time to reply has expired. E.D. Cal. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. Mar. 28, 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford pro se litigants additional leniency. See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does not extend to permitting surreplies as a matter of course, and the Court is not generally inclined to permit surreplies absent an articulation of good cause why such leave should be granted. Plaintiff has not articulated any argument for the filing of a surreply. Accordingly, the motion will be denied.

Finally, defendants have filed an unopposed motion to modify the scheduling order and stay discovery pending resolution of their motion for summary judgment. (Doc. 74.) The Court agrees with defendants that a stay is warranted because success on their motion for summary judgment for failure to exhaust administrative remedies would resolve this action in their favor in its entirety, and requiring the parties to proceed with discovery may unnecessarily waste effort and resources.

Based on the foregoing, the Court **ORDERS** that:

1. Plaintiff's motion for extension of time (Doc. 76) is **GRANTED IN PART**. Plaintiff shall file a reply to his motion to deny or stay defendants' motion for summary judgment within thirty days from the date of this order. The motion is denied in all other respects.

2. Defendants' unopposed motion to modify the scheduling order and stay this action (Doc. 74) is **GRANTED**. Discovery is **STAYED**; all pending discovery motions (Docs. 62-63) are **DENIED WITHOUT PREJUDICE** to their renewal; and the August 29, 2018, Discovery and Scheduling Order (Doc. 52) is **VACATED** until further court order.

IT IS SO ORDERED.

Dated:   __**February 14, 2019**__                    _____**/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE