1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN MATIAS TORRES,

12              Plaintiff,

13        v.

14   CONNIE GIPSON, et al.,

15              Defendants.

16

CASE NO. 1:16-cv-1525-NONE-JLT (PC)

**ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL**

(Doc. 92)

17       Plaintiff moves for an order compelling Defendants to submit further responses to one

18   interrogatory and two requests for production of documents. (Doc. 92.) Defendants oppose the

19   motion. For the reasons set forth below, Plaintiff's motion to compel will be denied.

20   **I.    Plaintiff's Allegations**

21       Plaintiff is a pro se state inmate proceeding in this civil rights action pursuant to 42 U.S.C.

22   § 1983. In the operative pleading, Plaintiff complains of events that occurred at Corcoran State

23   Prison in Corcoran, California ("CSP-COR"). His allegations may be summarized essentially as

24   follows:

25       On or around July 7, 2013, while housed at CSP-COR in a Security Housing Unit ("SHU"),

26   Plaintiff participated in a hunger strike. On July 15, 2013, Plaintiff was issued a Rules Violation

27   Report, which he alleges was fabricated, for his participation in the hunger strike. He was found

28   guilty of participation in the hunger strike and lost credit and certain privileges. On July 25, Plaintiff

1    appeared before the Institutional Classification Committee  ("ICC") for an annual review. There,

2    the ICC members determined that Plaintiff should be transferred to Pelican Bay SHU, the furthest

3    SHU from Plaintiff's home and family.

4         On August 11, 2013, Plaintiff filed an inmate grievance regarding the allegedly fabricated

5    disciplinary action. After Plaintiff had completed his punishments for the disciplinary violation,

6    Plaintiff's grievance was granted, and the Rules Violation Report was dismissed.

7         On August 23, 2013, Plaintiff's transfer to the Pelican Bay SHU was approved with a

8    transfer expiration date of December 21, 2013. Plaintiff was still housed in the CSP-COR SHU

9    when that date passed.

10        On December 24, 2013, Defendants Smith, Prince, Henderson, Mayo, Galaviz, and

11   Weaver held a 180-day review ICC hearing, although 180 days had not yet passed since the last

12   ICC hearing. The panel put Plaintiff back up for transfer to Pelican Bay despite his hardship request

13   for a move to the SHU at CSP-Sacramento. Plaintiff claims that the Defendants' decision to transfer

14   him to Pelican Bay was in retaliation for Plaintiff's protected First Amendment activity of filing a

15   prison grievance regarding the fabricated July disciplinary action.

16        **B.    Discovery Procedural Background**

17        On or around November 2019, Plaintiff served Interrogatories on Defendants, which

18   included Interrogatory No. 5 asking, "During December 2013 how many inmates were validated

19   prison gang members with indeterminate S.H.U. terms and housed accordingly at Corcoran S.H.U.

20   Please give a number." (Doc. 92 at 1.)

21        Defendants objected to the interrogatory "as vague and ambiguous as to the terms 'During

22   December 2013' and 'housed accordingly.'" See Defs.' Obj. Ex. C. They also objected that "the

23   request [is] unduly burdensome and not proportional to the needs of the case. Defendant[s] object

24   that the burden and expense of the proposed discovery outweighs its likely benefit. To the extent

25   Plaintiff is seeking access to other inmates' files with this interrogatory, Defendants object to the

26   request as seeking documents that include the privation information of third parties." Id. Subject to

27   that objection, Defendants' response was, "Defendants lack information sufficient to state the

28

number of inmates in December 2013 in Corcoran S.H.U. that were validated prison gang members with indeterminate S.H.U. terms." Id.

Plaintiff also served requests for production of documents, two of which are at issue here:

**Request for Production No. 1**

Documents in CDCR possession that contains the S.H.U. population at Corcoran S.H.U. 4B and 4A yards in December 2013. Please have actual number amount.

**Request for Production No. 2**

Out of the documents that contacts the S.H.U. population at Corcoran S.H.U. 4B and 4A yards, how many prisoners were serving a S.H.U. term due to prison gang validation as a validated prison gang member during December 2013. Please give actual number amount.

(Doc. 92 at 2.)

Defendants objected generally to Requests for Production Nos. 1 and 2 as follows:

Defendants object that this request does not describe a category of documents with reasonable particularity, and does not seek production under Federal Rule of Civil Procedure 34, but rather seeks specific information, which is properly requested under rule 33. Defendants object to the request as unduly burdensome and not proportional to the needs of the case. Defendants object that the burden and expense of the proposed discovery outweighs its likely benefit. To the extent Plaintiff is seeking access to other inmates' files with this request, Defendants object to the request as seeking private information of third parties.

See, e.g., Defs.' Obj. Ex. A.

Subject to those objections, Defendants' response to Request for Production No. 1 was "The information sought is contained in Defendants' responses to interrogatory number [6]."[1] Id. Interrogatory No. 6 asked, "During December 2013 what was the number amount of cells at Corcoran S.H.U. 4A and 4B yards both yards that held S.H.U. inmates please give a number amount." Defs.' Obj. Ex. C. Defendants objected to this interrogatory on various grounds and then responded, "The capacity for yard 4A at Corcoran is 1,024. The capacity for yard 4B at Corcoran is 1,024." Id.

---

[1] Defendants' initial response misidentified the referenced interrogatory. See Defs.' Opp'n to Pl's Mot. Compel at 4-5. They have since served an amended response to Plaintiff identifying Interrogatory No. 6. See id.

Defendants' response to Request for Production No. 2 was, "After a reasonable search, Defendants have not located a document stating the number of inmates in Corcoran S.H.U. 4B and 4A yards that were serving a S.H.U. term due to prison gang validation in December 2013." Id.

## II.     Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying,

1    explaining or supporting its objections." <u>Bryant v. Ochoa</u>, 2009 WL 1390794, at *1 (S.D. Cal. May

2    14, 2009) (citations omitted).

3           Specifically, the party moving to compel bears the burden of informing the court (1) which

4    discovery requests are the subject of the motion to compel, (2) which of the responses are disputed,

5    (3) why the party believes the response is deficient, (4) why any objections are not justified, and

6    (5) why the information sought through discovery is relevant to the prosecution of this action.

7    <u>McCoy v. Ramirez</u>, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); <u>Ellis v. Cambra</u>, 2008 WL

8    860523, at *4 (E.D. Cal. Mar. 27, 2008).

9    **III.    Discussion**

10          By way of his discovery requests, Plaintiff seeks information regarding the total number of

11   inmates and/or the total number of validated gang members housed in the SHU at CSP-COR during

12   December 2013. Plaintiff claims this information "has a major significance to his case because it

13   makes a showing of how many validated prison gang members were properly housed at Corcoran-

14   S.H.U." Pl.'s Mot. Compel at 1. Plaintiff argues that this information should be provided to him

15   because it is in the Defendants' custody, possession, or control.

16          Defendants counter that they do not have any further information responsive to

17   Interrogatory No. 5 and that they do not have documents responsive to Requests for Production

18   Nos. 1 and 2 because the institution does not keep track of this type of information. Concerning the

19   document requests, Defendants contend that they are improper because they are not seeking the

20   production of documents so much as the *creation* of documents. In support, Defendants submit the

21   declaration of CSP-COR's Litigation Coordinator, D. Goree, who states that "CSP-Corcoran does

22   not keep a database where that specific information is readily available. To attempt to acquire the

23   information requested, CDCR would first have to determine which inmates were housed in the

24   CSP-Corcoran SHU in December 2013, then manually go through each individual inmate's file to

25   attempt to determine what the reason was for the SHU housing. Considering that the SHU capacity

26   is over 2,000 inmates, that would be an enormous task." Decl. of G. Goree in Supp. of Defs.' Opp'n

27   to Pl.'s Mot. Compel ¶ 5 (Doc. 93-1). "In addition, even undertaking the procedure outlined above

28   would not be likely to lead to accurate results because it is not always clear when looking back at

5

1    individual inmate files why that inmate was in SHU at a specific time. There is also a possibility of

2    an inmate being in SHU for multiple reasons." Id. ¶ 6. Relatedly, Defendants have submitted

3    verified responses to Interrogatory No. 5 stating that they do not have the information sought.

4         In his reply, Plaintiff insists that the information he seeks is electronically stored within

5    CDCR's systems. (Doc. 103.) He contends that "when a prisoner is given a S.H.U. term it is like

6    being sent to a prison within a prison. CDCR documents and keeps data of what his S.H.U. offense

7    was and why the prisoner was given a S.H.U. term. It is electronically stored data held within the

8    California prison and CDCR obtains it." Id. 2. As for the information's relevance, Plaintiff claims

9    that it "is because Defendants are claiming that California State Prison – Corcoran S.H.U. was

10   primarily being used for patients in the mental health services delivery system. However, although

11   Corcoran S.H.U. did house mental health patients, that was not the majority housed at Corcoran

12   S.H.U. and the majority housed there was prison gang validated members/associates and that is

13   important because Defendants are claiming that Pelican Bay State Prison was the only prison that

14   housed validated prison gang members / associates. However, this statement by Defendants is false,

15   which is why Plaintiff is requesting documents that support and show the actual number of

16   prisoners serving a S.H.U. term due to prison gang validation." Id. 3.

17        The Court has carefully reviewed the parties' briefs and arguments in support of and in

18   opposition to Plaintiff's motion to compel. Though the Court is satisfied that the documents and

19   information sought by Plaintiff are at least marginally relevant to show that the Defendants'

20   purported reason for his transfer from the CSP-COR SHU (i.e., that the SHU was only permitted

21   to house mentally ill inmates) was pretextual, the Defendants have properly asserted that the

22   specific information sought by Plaintiff in Interrogatory No. 5 and Requests for Production Nos. 1

23   and 2 are not reasonably available to them.[2] This is not to say that the information, in some raw

24   form, is not in CDCR's custody, possession, or control—for example, in individual inmates' files.

25   Defendants concede this fact. See Goree Decl. ¶¶ 5-6. But the relevant inquiry is whether that

26

27   ───────────────
     [2] Insofar as Defendants intend to rely on the contention that Plaintiff's transfer was approved because the CSP-COR
     SHU was primarily intended to house mentally ill inmates, they would of course be required to support that
     contention with evidence. Because they demonstrate that the evidence is not readily available, they too would be
28   precluded from presenting this evidence.

1   information is readily available through reasonable efforts or whether Defendants must undergo
2   unreasonable efforts to compile information to adequately respond to the requests. Defendants
3   argue that the information sought is not readily available since CDCR does not maintain lists of
4   individuals housed in the SHU at any given time and it does not maintain records identifying the
5   reason(s) for inmates' placement in the SHU. Moreover, because multiple preliminary and time-
6   consuming steps are required to compile the relevant information, Defendants argue that any further
7   responses would be unduly burdensome.

8         Defendants' objections are well-taken. Defendants submit that there is no CDCR document
9   or report that would be responsive to Plaintiff's discovery requests or that would allow them to
10  provide further responses to the requests. "As a general matter, a party cannot invoke Rule 34(a) to
11  require another party to create or prepare a new or previously non-existent document solely for its
12  production." Mir v. L-3 Communications Integrated Sys., L.P., 319 F.R.D. 220, 227 (N.D. Tex.
13  2016) (quotations and citations omitted). Additionally, Defendants have shown that any further
14  effort to respond to Interrogatory No. 5 and/or Requests for Production Nos. 1-2 would be
15  disproportionately burdensome due to the lack of pre-existing records and the number of inmates
16  who may have been housed in the CSP-COR SHU in December 2013, which has a capacity of over
17  2000 inmates on any given day. See Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296–97
18  (E.D. Pa. 1980) (The responding party "must show specifically how, despite the broad and liberal
19  construction afforded the federal discovery rules, each interrogatory is not relevant or how each
20  question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence
21  revealing the nature of the burden."). Because Defendants have met their burden in opposing
22  Plaintiff's motion to compel, said motion will be denied.

23  **IV.    Conclusion**

24        Based on the foregoing, the Court **DENIES** Plaintiff's motion to compel (Doc. 92).

25
26  IT IS SO ORDERED.

27    Dated:   __August 25, 2020__              _____/s/ Jennifer L. Thurston_____
                                                UNITED STATES MAGISTRATE JUDGE
28

7