UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | No. 1:16-cv-1525-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. Nos. 99, 121) |

    Plaintiff Juan Matias Torres, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

    On February 3, 2021, the assigned magistrate judge issued an order denying plaintiff's motion (Doc. No. 105) to declare defendants' declarations shams and findings and recommendations recommending that defendants' motion (Doc. No. 99) for summary judgment. (Doc. No. 121.)  Plaintiff filed objections to the magistrate's order and findings and recommendations, to which defendants filed a response.  (Docs. No. 127, 128.)

    Plaintiff objects to the magistrate judge's order denying his motion to declare certain declarations a sham, implying that he seeks *de novo* review.  (Doc. No. 127 at 3–5.)  Defendants argue the objection is not properly before the court because the magistrate judge issued an order, not findings and recommendations.  (Doc. No. 127 at 4.)  In any event, the magistrate

1  judge's ruling on this issue would be upheld by the undersigned even applying a *de novo*
2  standard of review.  Plaintiff's objections do not show any flaws in the magistrate judge's
3  reasoning.  Thus, the court adopts the magistrate judge's order as its own.

4  Next, plaintiff argues that he showed a nexus between his protected conduct and the
5  allegedly retaliatory activity of the defendants.  The magistrate judge concluded that the 4.5
6  months between plaintiff *filing* his inmate grievance in August 2013 and the allegedly
7  retaliatory act in December 2013 was too lengthy of a gap in time to withstand summary
8  judgment.  Plaintiff contends that the proper timeframe is the one month between the *grant* of
9  his inmate grievance in November 2013 and the purported retaliation against him in December
10  2013.  However, plaintiff provides no argument or evidence establishing why November 2013 is
11  the correct starting point for this analysis.  For instance, he points to no evidence showing that
12  defendants were unaware of his filing of an inmate grievance until November 2013.  Plaintiff
13  argues in his objections that he has provided additional causal links in this regard.  But he does
14  not point to any such evidence before the court on summary judgment, and the court did not
15  found any such evidence.  Because defendants' motion for summary judgment may be granted
16  on this basis alone, the court need not address plaintiff's remaining objections to the pending
17  findings and recommendations.

18  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted
19  a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that
20  the magistrate judge's findings and recommendations are supported by the record and by proper
21  analysis.

22  Accordingly,

23  1. The findings and recommendations issued on February 3, 2021, (Doc. No. 121),
24  are adopted in full;

25  /////
26  /////
27  /////
28  /////

2

2. Defendants' motion for summary judgment, (Doc. No. 99), is GRANTED; and

3. The Clerk of the Court is directed to assign a district judge for purposes of closure and to enter judgment in favor of defendants and close this case.

IT IS SO ORDERED.

Dated:  **October 21, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE